No. 111

RUSSEL et v. BRADY

Ohio Appeals, 9th Dist., Summit Co.

No. 1186. Decided Dec. 3, 1926

**465. ERROR**—Where defense to note is that payee agreed to sell automobile of maker and pay to him all over and above the note and mortgage on the automobile, and payee testifies that he had the car sold, court is in error to arrest the case from the jury and to direct a verdict in favor of the payee where the agreement as set forth was made.

First Publication of this Opinion

WASHBURN, J.

Nelson Russell was employed by Brady & Ganyard, a partnership, and Russell borrowed $200 from Brady and gave his note therefor. Russell owned an automobile upon which there was a mortgage; Brady sued Russell to collect the $200 note; Russell in defense plead that Brady took possession of his automobile, and proposed to sell same, agreeing to apply any money that he might receive therefor, over and above the mortgage, to the payment of the note and to pay to Russell any balance. It was further claimed that Brady sold the machine for $650 above said mortgage and relieved said amount for Russell's equity in the machine.

Russell, by way of cross-petition, claimed that Brady refused to render him any account or to pay him anything and asked for judgment for $448. From Brady's testimony it appears that after he had taken possession of the automobile and before he sold it, he procured from Russell an assignment of his equity in the car directly to Brady and Ganyard for the reason that there had been discovered a probable shortage in Russell's account with the partnership. Nothing was paid to Russell for the aforesaid assignment and the proceeds of the sale of the car was received by the partnership.

Russell testified that Brady told him that if there was no shortage, he would pay said note and would return the remainder to him. The Court arrested the case from the jury and directed a verdict in favor of Brady for the full amount of the note and against Russell on his cross petition. On error proceedings, the Court of Appeals held:

1. In arresting the case from the jury and in directing a verdict, the court was clearly in error, for Russell plead a good defense to the note and Brady's admissions that he took the automobile and had it sold and that he received the proceeds, tended to establish that defense.

2. The court erroneously excluded Russell's testimony, above referred to, as it was clearly competent.

3. If Brady agreed to apply the proceeds to the note and the shortage, he should have done so, regardless whether the shortage was due him personally or due to his partnership; if he made such agreement he was bound to account to Russell and Russell was entitled to recover on his cross petition.

4. If Russell knowing however that he was short, assigned his equity in satisfaction of such shortage, that would destroy his defense; but the evidence did not tend to establish such claim. In any event the court was not justified in directing a verdict as it did.

Judgment therefore reversed and cause remanded.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—Mottinger & Evans for Russell; Schwab & Heiser for Brady; all of Akron.